8/23/2019 4:52 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36245157
By: C Ougrah
Filed: 8/23/2019 4:52 PM

**2019-59460 / Court: 157**

Cause No. _____

| | | |
|---|---|---|
| JOSE AND MARIA REYNA, | § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| V. | § § | _____JUDICIAL DISTRICT |
| GEOVERA SPECIALITY INSURANCE COMPANY, | § § § § | |
| Defendant. | § | HARRIS COUNTY, TEXAS |

**PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Jose and Maria Reyna ("Plaintiffs"), and file this, their Original Petition and Request for Disclosure against Defendant GeoVera Specialty Insurance Company ("Defendant"), and in support thereof would respectfully show unto the Court the following:

**DISCOVERY CONTROL PLAN**

Plaintiffs intend to conduct discovery in this matter under Level 3, in accordance with Texas Rule of Civil Procedure 190.4.

**PARTIES**

1. At all relevant times, Plaintiffs owned a house at 8218 Greenleaf Street, Baytown, TX 77523.

2. Defendant is an insurance company doing business in the State of Texas and, pursuant to Texas Insurance Code §804, may be served with process by serving its agent for service of process, the Commissioner of the Texas Department of Insurance, 333 Guadalupe, Austin, Texas, 78701.

1

**EXHIBIT C**

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the Court.

4.  All or a substantial part of the events or omissions giving rise to this lawsuit occurred in Harris County, Texas. Therefore, pursuant to Tex. Civ. Prac. & Rem. Code § 15.002, venue is proper in Harris County, Texas. The damages being sought by Plaintiffs are in excess of the minimum jurisdictional requirements of this Court.

5.  The Court has personal jurisdiction over Defendant because Defendant does business in the State of Texas and because Defendant issued a policy of insurance covering property that is located in this district.

## PLAINTIFFS' LOSS

6.  Plaintiffs owned the property at 8218 Greenleaf Street, Baytown, TX 77523 (the "Property") at all relevant times.

7.  The Property sustained significant windstorm damage when Hurricane Harvey ("Harvey") struck the Houston, Texas area on or about August 28, 2017.

8.  Defendant issued an insurance policy (Policy No. GC40010891) (the "Insurance Policy") covering the Property, which was in full force and effect at the time Harvey struck.

9.  Plaintiffs had paid all premiums for the Insurance Policy when Harvey damaged Plaintiffs' property.

10. The Insurance Policy covered Plaintiffs' Property for damage caused by windstorm, among other perils.

11. Plaintiffs have already incurred and will incur significant expenses to repair the windstorm damage that Harvey caused at the Property.

12. Shortly after Harvey, Plaintiffs notified the Defendant of damages sustained as a result of Harvey and made a claim for benefits under the Insurance Policy.

13. Defendant assigned an adjuster to investigate and adjust the loss.

14. The adjuster visited the property but failed to fully and fairly investigate the loss.

15. The adjuster prepared a damage estimate but failed to abide by the terms of the Insurance Policy, the Defendant's general company claims handling standards, and/or with recognized claims handling standards.

16. The adjuster improperly omitted and undervalued covered losses from windstorm damage caused by Harvey to the Plaintiffs' Property.

17. Defendant failed to pay Plaintiffs for covered windstorm damage to the Property caused by Harvey.

18. Plaintiffs submitted a damage assessment to the Defendant, seeking payment of the damaged property, less the policy deductible.

19. The amount sought by the Plaintiffs was based on a firsthand inspection and damage assessment prepared by Plaintiffs' experts. The damage assessment included a room-by-room, line-by-line, unit cost damage estimate. Plaintiffs' experts found that the windstorm damage greatly exceeded the amount and scope of the Defendant's adjustment.

20. Defendant has unreasonably refused to acknowledge Plaintiffs' expert's damage assessment as a basis for coverage and has failed to issue payment based on said damage assessment.

21. Harvey windstorm caused every loss Plaintiffs have identified.

**EXHIBIT C**

22. Defendant knows that Plaintiffs are entitled to payment of insurance proceeds under the terms of the homeowner's policy that Defendant issued for the items of loss that Plaintiffs have identified.

23. Defendant has no reasonable basis for refusing to pay for the Harvey windstorm losses for which Plaintiffs seek insurance proceeds.

24. Defendant's actions constitute a breach of the common law duty of good faith and fair dealing.

25. Defendant has knowingly and intentionally misrepresented Plaintiffs' insurance coverage to Plaintiffs to avoid complying with its contractual obligation to pay for Plaintiffs' covered losses due to Harvey windstorm damage.

26. Defendant's obstinate refusal to acknowledge its coverage responsibilities out of court has required Plaintiffs to file this action, thereby causing Plaintiffs and this Court to endure unnecessary burden, expense, and delay.

27. Plaintiffs have filed this suit to recover the amount owed under the Insurance Policy, which Defendant wrongfully denied.

## COUNT I
## BREACH OF CONTRACT

28. Plaintiffs hereby repeat and incorporate by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

29. Plaintiffs and Defendant entered into a contract for insurance coverage when Plaintiffs purchased and Defendant issued the Insurance Policy.

30. Plaintiffs paid their policy premiums and otherwise maintained the Insurance Policy, which was in good standing at the time the Property sustained windstorm loss in August 2017.

**EXHIBIT C**

31. Plaintiffs have complied with all obligations owed under the Insurance Policy, including conditions precedent to recovery.

32. Defendant, however, has breached its contractual obligations by wrongfully denying coverage and failing to issue payment for the amount owed on this claim as documented in Plaintiffs' written demand for payment and supporting documents.

33. Defendant's improper denial has harmed Plaintiffs by denying the money to which Plaintiffs are entitled under the terms of the Insurance Policy.

### COUNT II
### VIOLATION OF TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES AND
### MISREPRESENTATION OF INSURANCE POLICY

35. Plaintiffs hereby repeat and incorporate by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

36. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices, Tex. Ins. Code § 541.060; and Misrepresentation of Insurance Policy, §541.061. All violations under this article are made actionable by Tex. Ins. Code § 541.151.

37. Defendant's practice of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(1); § 541.061.

38. Defendant's practice of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Insurance Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(2)(A); § 541.061.

**EXHIBIT C**

39. Defendant's practice of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for their failure to offer a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(3); § 541.061.

40. Defendant's practice of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(7).

41. Each of Defendant's acts described herein, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiffs' damages described herein.

## COUNT III
## VIOLATION OF TEXAS INSURANCE CODE:
## PROMPT PAYMENT OF CLAIMS

42. Plaintiffs hereby repeat and incorporate by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

43. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code, Chapter 542. All violations made under this article are made actionable by Tex. Ins. Code § 542.060.

44. Defendant's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, constitutes a non-prompt payment of claims and a violation of Tex. Ins. Code § 542.055.

**EXHIBIT C**

45. Defendant's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. Tex. Ins. Code § 542.056.

46. Defendant's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, constitutes a non-prompt payment of the claim. Tex. Ins. Code § 542.058.

## COUNT IV
## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

47. Plaintiffs hereby repeat and incorporate by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

48. The Insurance Policy was an insurance contract that existed between the Plaintiffs and the Defendant. The Insurance Policy provided coverage for named windstorms during the life of the policy, providing coverage for dwelling.

49. As a party to the Insurance Policy contract, Defendant owed a duty of good faith and fair dealing to the Plaintiffs.

50. However, Defendant engaged in fraudulent, deceitful, and other conduct inconsistent with its contractual obligations to Plaintiffs.

51. By failing to timely and adequately assess the Plaintiffs' damages, refusing to properly adjust the loss, and refusing to pay money it owed under the Insurance Policy, despite knowing the damage was covered thereunder, Defendant has acted arbitrarily, capriciously, in a manner inconsistent with the reasonable expectations of the Plaintiffs, and in violation of the duties of good faith and fair dealing.

**EXHIBIT C**

52. For these reasons and others set out in this Petition, Defendant breached the duty of good faith and fair dealing owed to the Plaintiffs, proximately causing Plaintiffs to suffer damages, including economic damage and emotional distress caused by the denial.

53. Defendant is liable to Plaintiffs for compensatory, consequential, and punitive damages as well as attorney fees, costs, expenses, pre-judgment interest, and all other damages and relief as this Court deems just and appropriate.

## COUNT V
### VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES/ CONSUMER PROTECTION ACT

54. Plaintiffs hereby repeat and incorporate by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

55. Defendant has committed violations of the Texas Deceptive Trade Practices/Consumer Protection Act ("DTPA"). The DTPA, Section 17.46, *et seq.*, of the Texas Business and Commerce Code, provides additional protection to consumers who are victims of deceptive, improper, and/or illegal practices, including the award of treble damages for knowing violation, and for attorneys' fees. Defendant's conduct in engaging in such acts and practices has resulted in actual and consequential damages to Plaintiffs and supports an award for treble damages.

56. Each of Defendant's acts described herein, together and singularly, were done "knowingly" as that term is used in the Texas Deceptive Trade Practices Act and were a producing cause of Plaintiffs' damages described herein.

57. Plaintiffs are entitled to actual damages resulting from these violations of the law. These damages include the sums Defendant has wrongfully refused to pay and any consequential damages to Plaintiffs' economic welfare in the future, including any exacerbation of economic

condition occasioned by the delay in payment of these claims. Plaintiffs are also entitled to recovery of treble damages for Defendant's knowing violations.

## DAMAGES

58. The above described acts, omissions, failures, and conduct of Defendant have caused Plaintiffs to suffer damages which include, without limitation, the cost to properly repair the damage to Plaintiffs' property.

59. Defendant "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. As a result, Plaintiffs are entitled to additional damages under Section 17.50(b)(1) of the DTPA and Chapters 541 and 542 of the Texas Insurance Code.

60. Defendant's breach of its duty of good faith and fair dealing owed to Plaintiffs was done intentionally and with malice and gross negligence as those terms are defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations are the type of conduct that the state of Texas protects its citizens against by the imposition of exemplary damages.

61. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter this Defendant and others similarly situated from committing similar acts in the future.

62. As a result of Defendant's conduct described herein, Plaintiffs have been forced to retain the undersigned attorney to prosecute this action. Plaintiffs are entitled to recover reasonable attorneys' fees under any applicable statute.

**EXHIBIT C**

63. Plaintiffs are entitled to the recovery of attorneys' fees necessary to afford its rights, along with the costs and expenses set forth by law.

64. Plaintiffs seek monetary relief over $200,000 but not more than $1,000,000.

## REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs request that Defendant disclose the materials described in T.R.C.P. Rule 194.2.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer, and that after a trial on the merits, Plaintiffs recover from Defendants damages for all causes of action described above, extra contractual damages as allowed by law and the causes of action described above, attorneys fees, costs of court, and all interest allowed by statute and common law and for such other relief to which Plaintiffs may be entitled, both in equity and at law.

Respectfully submitted,

August 21, 2019

s/ Shane McClelland
Shane McClelland
TX Bar# 24046383
Attorney-in-Charge for Plaintiff
The Law Offices of Shane McClelland
440 Cobia Drive, Suite 101
Katy, Texas 77494
Phone: (713) 987-7107
Fax:    (832) 827-4207
Email: Shane@hmtrial.com

*Attorney for Plaintiffs*

10

**EXHIBIT C**